UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYLO MAURECE MULLINS,

    Petitioner,

v.                                        CASE NO:  8:05-CV-1430-T-30TBM

James Crosby, Jr., Former Secretary,
Florida Department of Corrections,
STATE OF FLORIDA, et. al

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of the following judgments entered against him in the Tenth Judicial Circuit Court, Polk County, Florida: first degree murder, attempted second degree murder with a firearm, attempted robbery with a firearm and aggravated assault.  (Dkt. #1.) Respondents filed a Response to Petition for Writ of Habeas Corpus, Memorandum of Law and Motion to Dismiss (Dkt. #8), and Petitioner filed a Reply to the response (Dkt. #10).  For the reasons explained below, the Court concludes that the Petition should be denied.

### BACKGROUND

On October 4, 1999, a jury found Petitioner, Tylo Maurece Mullins, (hereinafter referred to as "Petitioner") guilty of first degree murder, attempted second degree murder

with a firearm, attempted robbery, and aggravated assault. On October 11, 1999, Petitioner was sentenced to life in prison, thirty (30) years incarceration, fifteen (15) years incarceration, and five (5) years respectively for the above mentioned crimes. On January 14, 2000, Petitioner filed a timely direct appeal to the Second District Court of Appeal alleging that the trial court erred by (1) refusing to allow the sole defense witness to appear in civilian clothes, and (2) misdefining first degree felony murder. On August 23, 2000, the Court of Appeal affirmed Petitioner's convictions. *Mullins v. State*, 766 So. 2d 1136 (Fla. 2d DCA 2000). On September 28, 2000, Petitioner filed a Brief of Petitioner on Jurisdiction in The Supreme Court of Florida alleging that the Second District Court of Appeal erred in denying Petitioner a new trial when it found error in the trial court's decision to force the defense witness to testify in jail clothing. The Florida Supreme Court declined to accept jurisdiction of the case on February 16, 2001. *Mullins v. State*, 786 So. 2d 1187 (Fla. 2001). Pursuant to AEDPA's tolling requirement, Petitioner's judgment became final ninety (90) days later, on May 17, 2001.

On April 23, 2002, Petitioner filed an application for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("3.850 Motion"). In his motion, Petitioner raised five claims alleging ineffective assistance of counsel for counsel's failure to:

(1) object and move for mistrial when prosecutor, instead of victim, identified the defendant;

(2) file a motion to suppress based on an illegal, warrantless arrest;

(3) request deletion of a portion of the excusable homicide jury instruction;

  (4)  object to jury instructions; and

  (5)  object to the court instructing the jury to consider whether a witness had been previously convicted of a crime.

In his sixth claim, Petitioner alleged that "attempted second degree felony murder is a non-existent crime for which a conviction can not stand." On July 31, 2002, the state court denied grounds 1, 4, 5 and 6. On January 4, 2004, after holding an evidentiary hearing, the state court denied the remainder of the grounds in Petitioner's 3.850 Motion.

On January 6, 2004, Petitioner appealed the denial, and on February 9, 2005, the Second District Court of Appeal affirmed the lower court in a *per curiam* decision. *Mullins v. State*, 896 So. 2d 758 (Fla. 2d DCA 2005). The mandate was issued on March 3, 2005.

On July 27, 2005, Petitioner filed the instant § 2254 petition, *pro se*, alleging ineffective assistance of counsel.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief with respect to claims adjudicated on the merits in state court unless the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 684 (1984). To establish a *prima facie* claim, Petitioner must prove that (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced the Petitioner. *Id*. The *Strickland* standard defines the proper measure of attorney performance as "reasonableness under prevailing professional norms," but counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Deficient performance requires a showing that "in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Petitioner must show that counsel's deficient performance actually prejudiced the defense case. *Strickland*, 466 U.S. at 691-92. The Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Even an unreasonable error by counsel does not necessitate the setting aside of a judgment if the error did not affect the judgment.

*Id.* at 692. Strategic decisions rendered by counsel after a complete review of relevant laws and facts are "virtually unchallengeable." *Id.* at 690-91. Petitioner can not meet his burden by showing that counsel could have chosen a different course at trial. *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Rather, Petitioner must show that counsel did not do what was constitutionally compelled to provide adequate counsel. *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

## DISCUSSION

### I. Timeliness

Respondents contend that the instant Petition - filed on July 27, 2005 - should be denied as untimely. Specifically, Respondents claim that the instant Petition was not filed within one year of the date that Petitioner's judgment became final (not counting the time properly filed motions for post-conviction relief were pending) as required by AEDPA. 28 U.S.C. § 2244(d)(1)(A) (one-year period for habeas petitions begins to run from the "date which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002) (AEDPA imposes one-year statute of limitations on all habeas petitions).

Here, the Court's central task is to determine whether an aggregate of one year elapsed between the time Petitioner's judgment became final, and the filing of the instant Petition - not counting periods in which properly filed motions were pending. In this case, the dates provided by the parties support the following calculations:

    (1)    May 17, 2001 — April 23, 2002: 341 days elapsed

    (2)    February 9, 2005 — July 27, 2005: 168 days elapsed

                   **341 days**
+         **168 days**

=         **509 days**

The above calculations by the Court add up to five-hundred and nine days (509), rendering Petitioner's § 2254 Petition untimely.

Petitioner made an implicit request for equitable tolling in his Reply to Respondents' Response, but the Court will not grant equitable tolling in this case. Generally, AEDPA's one-year requirement can only be equitably tolled when Petitioner demonstrates diligence in his effort to file a timely habeas petition, and "extraordinary and unavoidable circumstances" that prevented Petitioner from timely filing the petition. *See Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir.2006); *Helton v. Sec'y for Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (*quoting Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Petitioner bears the high burden of proving that equitable tolling should be granted. *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). The 'extraordinary circumstances' standard applies to the circumstances surrounding the filing of the habeas petition, rather than the circumstances surrounding conviction. *See Helton*, 259 F.3d at 1314-15.

Petitioner has failed to demonstrate any extraordinary circumstances which would warrant equitable tolling. In fact, Petitioner fails to point to *any* evidence or circumstance

that prevented him from timely filing the instant motion. Therefore, the Court will not apply equitable tolling. However, even had the Court granted equitable tolling, the petition would be denied for the reasons stated below.

**II.     Overview of Claims:**

Petitioner's present habeas petition presents four claims alleging ineffective assistance of counsel for failure to:

(1)     object and move for mistrial when prosecutor, instead of victim, identified the defendant;

(2)     file a motion to suppress based on an illegal, warrantless arrest;

(3)     request deletion of a portion of the excusable homicide jury instruction; and

(4)     object to the jury instruction on the convicted witness.

This Court determines that since Petitioner raised all claims in his 3.850 motion for post-conviction relief, they were exhausted at the state level and would be ripe for review had this petition been timely filed. The merits are addressed below.

**III.    Ground One**

Petitioner alleges that trial counsel provided ineffective assistance by failing to object and move for a mistrial when the state prosecutor identified Petitioner for state witness Hiraben Patel during direct examination. In support of his claim, Petitioner alleges that the state prosecutor asked the witness to identify "the person who robbed her business and shot her husband," and after the witness failed to do so, the state prosecutor asked, "is he the black man that's seated at this table here to my right?" The witness then positively identified

Petitioner. Petitioner contends that this was an improper in-court identification, and his counsel should have objected.

Petitioner raised this claim in his 3.850 Motion. The state court denied relief on this claim stating, "the victim had already indicated that the Defendant was the same person who robbed her business and shot her husband. The remaining questions asked by the prosecutor clarified to whom she was pointing." (Dkt. #8, Ex. 9 at 107.) The record supports the state trial court's finding. At trial, the prosecutor questioned the witness as follows:

> Prosecutor: Mrs. Patel, I am going to ask you if you would stand up. And then I'm going to ask you to look around the courtroom and see if you see the person who robbed your business and shot your husband in the courtroom today.
> Witness: Here?
> Prosecutor: Yes, here in the courtroom.
> Witness: Yes.
> Prosecutor: Would you please point him out.
>
> The Witness: (indicating)
>
> Prosecutor: What is he wearing?
> Witness: He is wearing a suit.
> Prosecutor: Okay, what color is the suit?
> Witness: What color it is?
> Prosecutor: If she could point in the direction again, I might be able to make some progress.
>
> The Witness: (indicating)
>
> Prosecutor: Is he the black man that's seated at this table here to my right? Listen to the question please. Is he the black man that's sitting?
>
> The Witness: (indicating)
>
> Witness: One in the middle.
> Prosecutor: The one in the middle. Thank you.

(Dkt. #8, Ex. 1 at T62.)  Factual determinations made by the state court are presumed correct, and the applicant has the burden of rebutting the facts by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Since there is substantial evidence to support the state court's findings of fact, Petitioner fails to show that defense counsel's performance was deficient under *Strickland*.  *Strickland*, 466 U.S. 668.

**III.    Ground Two**

Petitioner alleges that counsel's failure to file a motion to suppress evidence seized from Petitioner's bedroom constituted ineffective assistance of counsel.  Petitioner claims that his bedroom was unlawfully searched by law enforcement because the owner of the home did not have the authority to consent to the search on behalf of Petitioner and his girlfriend who occupied, and paid rent for the room.  (Dkt. #2 at 10.)

This claim was raised in Petitioner's 3.850 Motion, and the state court held an evidentiary hearing on this ground.  Lee Cohen, Petitioner's trial counsel, testified at the hearing that he discussed the option of filing a motion to suppress with both Petitioner and previous counsel, but decided the motion would be weak because Petitioner never mentioned that he rented the room, or that he had control over it, only that he was staying in the room temporarily.  (Dkt. #8, Ex. 9 at 151.)  Thus, trial counsel did not file the motion.  Cohen also testified that the defense strategy was to dispute identity, not to suppress evidence.  (Dkt. #8, Ex. 9 at 143-44.)

Petitioner also testified in the hearing.  Petitioner claimed to have a written lease for the room, and that he was receiving mail at the apartment.  (Dkt. #8, Ex. 9 at 158.)  Petitioner

also agreed that the defense strategy was to dispute identity, and that the duffel bag seized from the search belonged to him. (Dkt. #8, Ex. 9 at 159, 162.)

The state court denied relief on this ground as follows:

> The motion for post-conviction relief alleges in ground two that counsel was ineffective for failing to file a motion to suppress predicated upon the warrantless entry of the private residence to arrest the defendant, and the suppression of the "evidence seized out of the east bedroom subsequent thereto". The gist of this argument which cited Payton v. New York, 445 U.S. 573 (1980), and the supplemental authority of Burt v. State, 27 FLWD1631 (Fla. 2nd DCA 2002), was that the officers violated the defendant's constitutional rights when they entered the apartment without an arrest warrant, and therefore the search of the bag which followed was tainted by the illegal entry. It was not until the hearing that the argument was extended to include the ground that counsel was also ineffective for failing to move to suppress the search of the bag without first obtaining a search warrant based on probable cause.
>
>   The facts establish that the search and seizure of the bag occurred *before* the defendant was located and arrested, and not as a result of the arrest. The entry into the apartment was with the written consent of the registered tenant to whom the housing authority had let the apartment. While a warrantless entry of a person's home to search for objects of a crime is generally barred by the rule announced in Payton, an exception applies when the police obtain the voluntary consent from a third person who possesses common authority over the premises. In the instant case, counsel was not ineffective when counsel concluded that the facts would not support a motion to suppress under Payton.
>
>   The Court will also address the seizure and search of the bag. Trial counsel was not ineffective for failing to object to the search of the bag when their client was taking the position that other people had access to the closet, and other person's clothes were in the bag. Counsel's failure to raise the issue by a motion to suppress is certainly not "outside the broad range of reasonably competent performance under prevailing professional standards." Trial counsel must establish that the defendant had a privacy interest in the bag. Confronted with these facts, trial counsel could not file a good-faith motion which asserted the defendant had a privacy interest in the bag.

(*internal citations omitted*) (Dkt. #8, Ex. 9 at 208-09.) To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law. 28 U.S.C. § 2254(d).

Petitioner has failed to meet this burden. Although counsel did not file a motion to suppress, the record supports the state court's determination that defense counsel had no reasonable basis upon which to file such a motion. Police received written consent from registered tenant Sherry Shields to search the apartment where both Shields and Petitioner resided. Accordingly, police conducted a lawful search of the premises, and the evidence seized from the search was admissible at trial. *See U.S. v. Matlock*, 415 U.S. 164 (1974) (holding that "voluntary consent of any joint occupant of a residence to search the premises jointly occupied is valid" and any evidence seized in the search can be used against the defendant in a criminal trial); *see also Illinois v. Rodriguez*, 497 U.S. 177 (1990) (finding entry valid when based upon consent of third party whom police reasonably believed to possess common authority over premises, but who did not actually have authority).

Petitioner has failed to demonstrate that the state court unreasonably applied federal law. Petitioner has also failed to establish trial counsel was deficient for failing to file a motion to suppress evidence seized in a lawful search. Counsel's assistance cannot be deemed ineffective because counsel failed to raise frivolous claims. *Chandler v. Moore*, 240 F.3d 907, 917-18 (11th Cir. 2001) (rejecting argument for ineffective assistance of counsel where counsel failed to raise a non-meritorious claim). Further, Petitioner points to no evidence or reason to suggest that had a motion to suppress been made, it would have been granted or would have changed the outcome of the underlying proceeding. Since the record shows that the state court properly applied *Strickland*, this ground fails.

**IV.     Ground Three**

Petitioner claims ineffective assistance due to counsel's failure to ask the court to omit a portion of the excusable homicide jury instruction. Specifically, Petitioner contends that counsel should have requested that the court read parts one (1) and two (2) of the instruction, and objected to the inclusion of subparagraph three (3), relating to sudden provocation, in the jury instruction. Further, Petitioner contends that counsel should have objected to the incomplete and incorrect manslaughter instruction. (Dkt. #2 at 14.)

The state court denied this post-conviction claim as follows:

> The Court also does not find trial counsel ineffective for not requesting a modification of the excusable homicide jury instruction as alleged in ground three. There is no indication from the record and the arguments of counsel in closing that the jury was mislead or confused by the instruction. The jury did not ask for clarification of the jury instructions on manslaughter or excusable homocide. [sic]

(Dkt. #8, Ex. 9 at 209.)

The statute providing the basis for the excusable homicide instruction, Section 782.03, Florida Statutes (1979), provides:

> Homicide is excusable when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.

The trial court's instruction on excusable homicide was a nearly verbatim recitation of the statute. Where the trial court accurately stated the law in his charge to the jury, courts are reluctant find grounds for reversal absent a showing of meaningful prejudice to the defendant's rights. *Lacy v. State*, 387 So.2d 561, 563 (Fla. 4d DCA 1980).

Petitioner also contends that trial counsel was ineffective for failing to object to the manslaughter jury instruction. The statute defining manslaughter, Section 782.07, Florida Statutes (1996), provides:

> The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, is manslaughter, a felony of the second degree.

The trial court instructed the jury that to find Petitioner guilty of manslaughter, the state must prove beyond a reasonable doubt that Petitioner intentionally caused the death of the victim. The court further instructed "Mr. Mullins can not be guilty of manslaughter if the killing was either justifiable or excusable homicide." (Dkt. #2 at 16.) Once again, the trial court accurately stated the law in his charge to the jury. Courts do not commit error where the jury instructions given properly track the words of the statute. *See Dorminey v. State*, 314 So.2d 134, 136 (Fla. 1975).

Petitioner can not demonstrate that trial counsel rendered deficient performance for failing to challenge the trial court's jury instructions because counsel had no legal basis upon which to challenge the court's decision. Further, Petitioner does not point to any unreasonable application of federal law which he must do to be entitled to relief under § 2254. Therefore, Petitioner is not entitled to relief on these grounds.

**V.     Ground Four**

Petitioner alleges that trial counsel erred by failing to object to the court's instruction to the jury to consider whether a witness had been previously convicted of a crime.

Specifically, Petitioner contends that the court's instruction was "inherently misleading, because it appeared to inaccurately suggest that if a witness had been convicted of a crime, that witness should not be believed." (Dkt. #2 at 21.)

Petitioner raised this issue in claim five of his 3.850 Motion. The lower court denied relief stating, "the Court's instruction was to merely take [a witness's prior conviction], among other things, into consideration when deciding whether or not to believe a witness. The Court finds this instruction was not misleading, and Defendant is not entitled to relief." (Dkt. #8, Ex. 9 at 109.)

To prevail on this claim, Petitioner must show the state judge unreasonably applied clearly established federal law. Petitioner has failed to do so. To the contrary, the comparable federal jury instruction contains a similar statement as to weighing the credibility of a witness. Fed. Jury Practice & Instructions § 15:07 (5th ed.). Further, Petitioner can not demonstrate that trial counsel rendered deficient performance for failing to object to the trial court's jury instructions because counsel had no basis upon which to challenge the instructions. Petitioner can not demonstrate the first prong of *Strickland* - that trial counsel's performance was deficient. Therefore, this ground fails.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1.	Petitioner's petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondents, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 10, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Parties/Counsel of Record

F:\Docs\2005\05-cv-1430.deny 2254.wpd