# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TYLO MAURICE MULLINS,

    Petitioner,

-vs-                                      Case No.  8:05-CV-1430-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

    This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 16) of the April 10, 2008 decision denying his petition for relief under 28 U.S.C. §2254 (Dkt. 14), which the Court construes as an Application for Certificate of Appealability filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 17), and Petitioner's Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 18).

---

[1] "Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

While issuance of a certificate of appealability does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 937 (11th Cir 2001). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

The Court denied Petitioner's constitutional claims on the merits and on procedural grounds. Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the claims debatable or wrong, and that reasonable jurists would find it debatable whether the Court was correct in its procedural ruling. Therefore, the Petitioner has failed to make the threshold showing. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that:

1. The construed Application for Certificate of Appealability (Dkt. 17) is **DENIED.**

2. The Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 18) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 1, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to:
*Pro Se* Petitioner
Counsel of Record